UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BRANDY PASCUAL,

    Plaintiff,

v.                                              Case No.  4:19-cv-236-WS/MJF

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff initiated this action by filing a complaint pursuant to 42 U.S.C. § 405(g) and seeking judicial review of Defendant's decision denying Plaintiff's claim for benefits. Pending before this court is "Defendant's Unopposed Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g), with Remand to the Defendant." (Doc. 24). Defendant certified that Plaintiff has no objection to this motion. For the reasons set forth below, the undersigned respectfully recommends that the case be reversed and remanded.[1]

Title 42 U.S.C. § 405(g) permits a district court to remand an application for benefits to the Commissioner by two methods, which are commonly referred to as

---

[1] This case has been referred to the undersigned pursuant to the authority of 28 U.S.C. § 636(b) and Local Rules 72.1(A), 72.2(D) and 72.3 of the Local Rules for the U.S. District Court of the Northern District of Florida, which relate to review of administrative determinations under the Social Security Act ("Act") and related statutes, 42 U.S.C. § 401 *et. seq.*

"sentence four" and "sentence six" remands. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007). Sentence four of section 405(g) states that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). In the instant case, the Commissioner states that remand is appropriate to enable an Administrative Law Judge to:

> further evaluate whether medical improvement occurred by comparing the prior and current medical evidence of record. The ALJ will be instructed to articulate any identified improvement in the symptoms, signs or laboratory findings associated with that impairment(s) when compared with those at the comparison point decision. The ALJ will also include the comparison point decision in the record.

(Doc. 24). Based upon the foregoing, this court concludes that good cause has been shown for remand.

Accordingly, it is **RECOMMENDED:**

1. That Defendant's motion to remand (Doc. 24) be **GRANTED** and the Commissioner's decision denying benefits be **REVERSED**.

2. That this case be **REMANDED** to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g).

3. That Defendant be ordered to conduct proceedings in accordance with this Report and Recommendation.


4. That the clerk of the court be directed to enter final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

5. That the clerk of the court be directed to administratively close this file.

At Panama City Beach, Florida, this 14th day of April, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.