# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

BRANDY PASCUAL,

    Plaintiff,

v.                                                        Case No. 4:19-cv-236-WS-MJF

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff's counsel (hereinafter "Petitioner") has filed an "Unopposed Petition for Authorization of An Attorney Fee under Section 206(b)(1) of the Social Security Act." Doc. 31. For the reasons set forth below, the District Court should grant Petitioner's motion and order the Commissioner to disburse to Petitioner the requested fees.

### I. BACKGROUND

In a decision dated September 25, 2001, Plaintiff was found disabled. Doc. 1 ¶ 6. The Commissioner initiated a cessation review, and on August 24, 2015, an Administrative Law Judge issued a decision, which was later vacated by the Appeals Council. *Id.* After conducting a

hearing post-remand, on February 20, 2018, the ALJ issued a decision concluding that Plaintiff's disability ended as of November 3, 2014, and that Plaintiff had not become disabled since that date. *Id.* ¶ 7. The Appeals Council denied Plaintiff's request for review of the ALJ's decision. *Id.* ¶ 8.

In May 2019, Plaintiff retained Petitioner to appeal the final decision of the commissioner. *See* Doc. 31-1 at 2. Plaintiff signed a fee agreement with Petitioner in which he agreed to payment of attorney's fees equaling 25% of any accumulated past due benefits paid to her in the event of the successful prosecution of her claim. *Id.* at 1–2. On May 22, 2022, Petitioner filed a civil action on Plaintiff's behalf seeking judicial review of the Defendant's decision. Doc. 1. On September 23, 2019, the Commissioner filed the 1146-page administrative record. Doc. 13.

On February 14, 2020 2020, Petitioner filed a 31-page memorandum in support of Plaintiff's complaint. Doc. 21. On April 13, 2020, the Commissioner filed a motion to remand for additional administrative proceedings, pursuant to sentence four of 42 U.S.C. § 405(g). Doc. 24. On April 15, 2020, the District Court granted the motion

and remanded this action for additional administrative proceedings. Docs. 26 & 27.

On June 17, 2020, this court awarded Petitioner fees and costs in the amount of $4,371.83 for representing Plaintiff before the United States District Court for the Northern District of Florida, pursuant to 28 U.S.C. § 2412 (the Equal Access to Justice Act ("EAJA")). Doc. 30.

Following the District Court's remand of Plaintiff's case, on March 2, 2022, an ALJ issued a decision favorable to Plaintiff. Doc. 31 at 3; *see* Doc. 31-2. This resulted in a sizable award of past due benefits to Plaintiff. *Id.*

On May 13, 2023, the SSA's Payment Center issued the Notice of Award to Plaintiff's auxiliary beneficiary. *Id.* at 8-12. The notice, however, indicated that additional notices were forthcoming. *Id.* at 10. On July 23, 2023, the Payment Center sent Plaintiff her Notice of Award. *Id.* at 1–7. This notice similarly stated that another notice would be forthcoming. *Id.* at 10. Because Plaintiff and her auxiliary did not receive further notice, Petitioner made multiple inquiries to the Payment Center. On November 5, 2024, during a phone call with the Payment center staff, the staff member informed Petitioner the calculations of past due benefits

had been reviewed and verified as correct and not further notices would be issues. Doc. 31 at 4.

According to the Notice of Award, the total amount of past due benefits on the claim is $85,186.00. In the instant motion, Petitioner has requested a gross fee of $19,668.33, with instructions for the agency to process a net attorney fee of $15,296,50, which accounts for the previously received EAJA attorney fee award.

## II. DISCUSSION

Attorneys handling Social Security proceedings may seek fees for their work under two different statutory provisions, the EAJA and 42 U.S.C. § 406. The EAJA allows for an award of attorney's fees when the party seeking fees is the prevailing party in a civil action brought against the United States. 28 U.S.C. § 2412. Fees under the EAJA are meant to penalize the Commissioner for assuming an ostensibly unjustified legal position, and they are paid with SSA funds. *McGraw v. Barnhart*, 450 F.3d 493, 497 (10th Cir. 2006).

Section 406 allows for recovery of attorney's fees for representation of individuals claiming Social Security benefits both at the administrative level and in federal court. "The statute deals with the

administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). For proceedings in court, when a judgment favorable to the claimant is rendered, the court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of past due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). The fee is payable "out of, and not in addition to, the amount of [the] past due benefits." *Id.*

Finally, although fees can be awarded under both the EAJA and § 406(b), Congress has precluded receipt of attorney's fees for the same services provided under the EAJA and the Social Security Act. *See* 42 U.S.C. § 406(b)(1)(A). In other words, when fee awards have been awarded "under both prescriptions, the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Gisbrecht*, 535 U.S. at 796.

The instant request by Petitioner is made pursuant to 42 U.S.C. § 406(b) and does not exceed the maximum recovery permitted under the terms of that statute. In support of her motion, Petitioner states that the

fee is reasonable because: (1) Petitioner and Plaintiff entered a written agreement which provides that Petitioner is entitled to a contingent fee of no more than 25% of past due benefits to Petitioner and her beneficiaries; (2) the fee represents only 23% of past due benefits, which represents a "voluntary reduction of $1,628.17 from the potential attorney fee"; (3) Petitioner spent over 21.3 billable hours in the representation of Plaintiff; (4) Petitioner was able to obtain a voluntary remand on Plaintiff's behalf; (5) Petitioner took a substantial risk of loss in agreeing to represent Plaintiff on a contingency basis; (6) Plaintiff received an excellent result insofar Plaintiff and her axillary beneficiary received a substantial amount of past due benefits, ongoing benefits and retroactive and current Medicare coverage; and (7) the Commissioner does not oppose the motion. Doc. 31 at 4–5, 7–8.

In *Gisbrecht*, the Supreme Court held that the provision of § 406(b) that limits attorney's fees to 25% of past due benefits was designed to control, and not to displace, contingency fee agreements that are within the statutory ceiling. *Gisbrecht*, 535 U.S. at 808–09. The Court concluded that § 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in

particular cases." *Id.* at 807. Thus, the district court should first look to the contingent fee agreement and then test the fee sought for reasonableness. *Id.* at 808. Accordingly, within the "25 percent boundary" permitted by § 406(b), the "attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807. Although the Supreme Court did not specify the factors that courts should consider when determining the reasonableness of a § 406(b) fee, the Court suggested that the fee should be reduced if the representation was substandard, if the attorney was responsible for delay, or if the fee is a windfall (that is, "large in comparison to the amount of time counsel spent on the case" when compared to the "lawyer's normal hourly billing charge for noncontingent-fee cases"). *Id.* at 808.

Here, the fee sought for attorney time is reasonable in light of the work performed and the result achieved. The undersigned notes that there is no dispute as to whether the amount requested is within the statutory and contract-based maximum of 25% of past due benefits. There is also no allegation of undue delay by Petitioner.

Additionally, the undersigned cannot fault the character of the representation provided by Petitioner in this case. Plaintiff's case had

been denied multiple times by the SSA. Furthermore, Petitioner was effective in achieving a remand in this court, which occurred only after Petitioner filed a memorandum in support of Plaintiff's complaint, which necessitated the review of a lengthy transcript of the administrative proceedings below. The remand ultimately led to a favorable disability determination by the Commissioner.

Additionally, the fee is reasonable in light of other fee awards in Social Security cases. *See Hollis-Roney v. Comm'r of the Soc. Sec. Admin.*, No. 4:18-CV-441-MJF, 2020 WL 13490056, at *3 (N.D. Fla. Dec. 7, 2020); *Rollins v. Saul*, No. 1:17CV120-MW/CAS, 2020 WL 2025638, at *1 (N.D. Fla. Mar. 26, 2020), *report and recommendation adopted*, No. 1:17CV120-MW/MAF, 2020 WL 1991473 (N.D. Fla. Apr. 27, 2020).

Petitioner, therefore, has demonstrated that the fee request is reasonable.

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **GRANT** Petitioner's unopposed motion for attorney's fees, Doc. 31;

2.  **ORDER** the Commissioner to promptly disburse to Petitioner a net fee of $15,296.50.[1]

At Pensacola, Florida, this 18th day of November, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank
United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The district court referred this matter to the undersigned. Doc. 28;** *see* **N.D. Fla. Loc. R. 72.3; 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

---

[1] This amount represents the gross fee of $19,668.33 less the EAJA fee of $4,371.83 already received.